GAUSE *v.* SPEARMAN.

Dec. 20, 1952

No. 38608          13 Adv. S. 3          61 So. 2d 665

*Cowles Horton,* and *W. I. Stone,* for appellant.

102

*Marshall Perry,* for appellee.

McGEHEE, C. J.

The parties to this suit were formerly husband and wife. They were divorced in May, 1947. While they were living together as husband and wife, on April 23, 1943, there was purchased from R. E. Fox a part of Lot 64 in the City Survey of Grenada, described by metes and bounds in the deed of conveyance, and the legal title thereof was vested by the deed in the appellee Inez Spearman.

After the decree of divorce in May, 1947, the appellant Revel Gause was in possession of the lot and declined to surrender the same to his former wife to whom it had been conveyed by R. E. Fox, as aforesaid. Consequently, on April 10, 1951, she filed this suit originally as one in ejectment in the circuit court to obtain possession of the lot and demanded the sum of $25 per month for its use and occupation from and after July 1947. This ejectment suit was transferred to the chancery court in order that the defendant therein might assert whatever equities he had in the property by reason of his contention that he paid Fox for the lot with his own funds and caused the same to be conveyed to his wife

upon the advice of the grantor Fox, who was the stepfather of defendant's wife.

In the chancery court the pleadings were reformed whereby the bill of complaint sought the same relief as prayed for in the declaration in ejectment, except that instead of demanding rent at the rate of $25 per month during the period that she claimed that the possession of the lot was wrongfully withheld from her, she asked the court to allow her "a reasonable rent" therefor.

The defendant Gause filed an answer and cross bill denying that the complainant was entitled to possession of the property or to the collection of rent thereon, and in the cross bill he asked that the claim of the complainant to the property be cancelled as a cloud upon his title thereto. The defendant claimed the equitable title on the ground that when this property was purchased from Fox the said grantor was his business adviser whom he trusted implicitly and in whom he had so much confidence that instead of using a bank he kept his money on deposit at the place of business of the grantor and was advised by the latter that it would be best that the deed be made in the name of the purchaser's wife, the appellee herein, and that this would better protect the interest of the purchaser; that acting upon the advice of said Fox he had the deed made to the appellee accordingly, although he claims to have paid the purchase price for the lot. For the reasons above stated he claims that his wife thereafter held the title merely as trustee, and that it was never intended she should become the owner of the property; that he was advised by the grantor that the defendant could get his wife to convey the title to him if he should later so desire. It is not alleged that the grantee in the deed ever agreed that she would later convey the title to her husband.

It was further alleged in the answer that the appellant and the appellee while living together as husband and wife borrowed the sum of $700 from Grover Long on February 10, 1944, on the security of a note and deed

of trust on the said property; that thereafter they borrowed the sum of $800 from J. T. Hardy and that $642.90 of the proceeds of this loan was paid over to the appellee and that she thereafter spent the same for her own use and benefit; that thereafter the defendant Gause paid off the indebtedness to Long without any aid or assistance from the complainant; and that he later expended at least $1,100 for the improvement of the property and had paid all taxes due thereon.

The defendant further prayed that the complainant be required to do full equity by refunding to him the money so borrowed from Mr. Long, together with legal interest and also the taxes paid by him, together with the value of all improvements made by him on the property, in the event the court should adjudge that the complainant is the owner of the title to said property.

The defendant failed to make any allegation as to what was done about the indebtedness under the loan from J. T. Hardy, but the complainant in her answer to the cross bill alleges that she paid a substantial portion thereof to prevent a foreclosure of the deed of trust; that her stepfather R. E. Fox loaned her approximately $300 for that purpose; and she denies that she received the proceeds of either of the said loans, except to the extent of about $100 that she used for medical treatment and other necessities which the defendant was then obligated to pay for while they were living together as husband and wife.

The complainant in her answer to the cross bill further alleged that the deposits which were left by her husband Revel Gause at the place of business of R. E. Fox, and out of which Gause claims that this tract of land was paid for, were later recovered from Fox in an accounting which the latter was required to make to Gause in the case which was appealed to this Court and entitled R. E. Fox v. Revel Gause, Record No. 38,069, which was affirmed without a written opinion on October 22, 1951, and she therefore denies that the tract of land

in Lot 64 involved in this suit was paid for from the funds of the defendant, the said Fox having paid the judgment rendered against him in the accounting for all funds of the defendant Gause that were paid to or deposited with her said stepfather Fox.

The complainant also alleged in her answer to the cross bill that the decree for the accounting between Gause and Fox is res judicata of any complaints or demands that Gause may have had against Fox in connection with any transactions that they may have had up to that time.

Upon the trial of the case the complainant introduced a witness who testified as to the fair rental value of the property involved in the instant case during the period that the defendant is alleged to have withheld its possession from the complainant and the witness testified that a reasonable rental would be the sum of $30 per month. The complainant offered no other proof in the case, for the reason that prior to the introduction of the testimony as to a reasonable rent, the court inquired as to whether or not Fox was a necessary party to the present suit and to which the counsel for the defendant Gause replied in substance that they did not think so, and that thereupon the court sustained the plea of res judicata as to the defenses relied upon by the defendant after offering his counsel the opportunity to make Fox a party thereto, and which suggested course the defendant did not deem it necessary for him to take.

After the proof was heard as to what constituted a reasonable rent on the property for the period in question and upon the failure of either party to offer any further testimony, the court rendered a final decree sustaining the plea of res judicata on the ground that "this cross bill now seeks to again have adjudicated a claim of Revel Gause against R. E. Fox, which he could have asserted in Cause No. 7406 (Appeal No. 38,069 in this Court) and the basis of this suit of Gause (under the cross bill) is predicated on a claim arising prior to said

former suit (between Gause and Fox) and approximately eight years before this cross bill was filed, and R. E. Fox not being made a party to this suit and the cross complainant Gause declining to make said Fox a party, . . .''; and the decree further adjudicated that the appellee Inez Spearman was entitled under her bill of complaint to have her ownership of said property confirmed and that the cross bill should be dismissed, which was accordingly ordered together with the recovery of $30 per month as rent from August 1, 1948, to May 1, 1952, in the amount of $1,320, and for rent in such amount of $30 per month to thereafter accrue, and all costs of the suit.

We are of the opinion that the plea of res judicata was not well taken and that if the answer of the defendant and the allegations of the cross bill are sufficient to state a defense to the suit and a ground for any affirmative equitable relief the issues of fact raised in the pleadings should have been developed under the proof on the trial; that while it is true that the defendant Gause is not entitled to any further accounting by reason of any transaction that occurred prior to the former suit between him and Fox, the fact remains that he is not seeking any relief in this suit against Fox and it does not appear that Fox is making any claim or asserting any right to the tract of land in lot 64 involved in the instant case.

The former suit of Fox v. Gause was likewise an ejectment suit transferred to the chancery court wherein Fox was seeking to recover possession of Lot 21 in the City Survey of Grenada from the defendant Gause who was then in possession thereof without color of title. Gause defended the suit on the ground that he had orally purchased Lot 21 and had paid to Fox the sum of $2,000 "in greenbacks" therefor, and had made considerable improvements during the period of his possession of said Lot 21 and that he was also entitled to an accounting for moneys that he had left on deposit with Fox at the latter's place of business. Fox, of course, recovered the posses-

sion of Lot 21 since he had not executed any conveyance of the same, but the defendant Gause recovered under a cross bill a decree in excess of $4,000 against Fox for what he had paid for Lot 21, the value of his improvements thereon, and for any additional funds that he had left on deposit with Fox at his place of business.

The tract of land in Lot 64 involved in the instant case was in no manner involved in that suit, nor is Gause asserting any claim against Fox in the instant case and prayed for no relief against him. The appellee Inez Spearman was not a party to that suit and had no interest whatever therein. Neither Fox nor Gause could have sought against her any relief whatsoever on anything alleged by either party, since to that suit she was completely a stranger. This is true as to Fox in the instant case. Moreover, there is no attempt here to set aside the deed of conveyance executed by him in favor of the appellee on April 23, 1943, but both parties to the instant suit recognize that Fox divested himself of the title to the property described in that deed, and that the question here is whether the title became vested in the appellee as grantee in that deed in fee simple or as trustee for her husband, the appellant. And Fox can not be affected by the result of the present suit.

The defendant Gause in the instant case contends that the issue is as to whether Gause paid for the tract of land in Lot 64 or whether the complainant Inez Spearman, formerly Inez Gause, paid for the same. We think that the issue goes further and involves the question not merely as to who paid for the tract of land here involved but also the question of to whom it belongs and what are the equities between the parties under the allegations of the pleadings. We pretermit any discussion as to whether the mere fact that the defendant may have paid for the lot here in question would entitle him to hold it as against the owner of the legal title, since that question is not briefed and we are reversing and remanding

the case for full development of the proof as to the alleged equitable rights of the defendants against the same.

The record on the appeal of the case of Fox v. Gause was made a part of the record in the present case; there was no demurrer to the cross bill herein, and there is no proof even as to who paid for the lot here in question, if it be assumed that that issue would be controlling. Then, too, there is no proof in the record as to the period of time for which the defendant would be liable for rent. It was merely shown as to what a reasonable rent per month would have been. The period for which the rent was allowed in preparing the decree was evidently taken from the bill of complaint.

It seems that the error of the trial court was brought about by the failure of the defendant's counsel to make the correctness of their position clear as to why their answer and cross bill contained the allegations as to why the deed here was made in favor of the appellee, and that this was their only purpose in making the complaint as to Fox having induced this to be done, and that they were asking no further accounting or making any claim in this suit against him that could in any manner affect his interest. At any rate the cause must be reversed and remanded for the reasons hereinbefore stated.

Reversed and remanded.

*Alexander, Hall, Holmes* and *Arrington, JJ.,* concur.